1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11  DANNY F. ATTERBURY,                )       No. C 10-0274 LHK (PR)
                                       )
12          Plaintiff,                 )       ORDER OF DISMISSAL
                                       )       WITH LEAVE TO AMEND
13     v.                              )
                                       )
14  DAVE GRAZAINI, et al.,             )
                                       )       (Docket No. 2)
15          Defendants.                )
    _____)
16

Plaintiff, a former civil detainee at Napa State Hospital ("NSH"), proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis is GRANTED. For the reasons stated below, the Court dismisses the complaint with leave to amend.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law. *See West v.*
5  *Atkins*, 487 U.S. 42, 48 (1988).

6  B.  <u>Legal Claims</u>

7  Plaintiff alleges that Defendants individually and collectively prevented him from
8  obtaining proper medical treatment. (Complaint at 2.) Plaintiff further alleges that Defendants
9  abused him by preventing him from "obtaining adequate and proper exercise, fresh air,
10  medicines, and food." (<u>Id.</u> at 2-3.) Finally, Plaintiff alleges that Dr. Raymond unnecessarily
11  removed Plaintiff's gall bladder, which resulted in a potentially fatal medical condition. (<u>Id.</u> at
12  3.)

13  The Constitution does not mandate comfortable prisons, but neither does it permit
14  inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The conditions under which
15  a prisoner is confined are subject to scrutiny under the Eighth Amendment. *See Helling v.*
16  *McKinney*, 509 U.S. 25, 31 (1993). The Amendment also imposes duties on officials who must
17  provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation,
18  medical care and personal safety. *See Farmer*, 511 U.S. at 832. In determining whether a
19  deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an
20  Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the
21  deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v.*
22  *Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking
23  water or sanitation for four days, for example, are sufficiently serious to satisfy the objective
24  component of an Eighth Amendment claim. *See id.* at 732-733.

25  Also, deliberate indifference to serious medical needs violates the Eighth Amendment's
26  proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104
27  (1976). A determination of "deliberate indifference" involves an examination of two elements:
28  the seriousness of the prisoner's medical need and the nature of the defendant's response to that

1  need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*,
2  *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).
3       However, the action cannot proceed here because Plaintiff has not provided the Court
4  with the information necessary to determine whether a cognizable claim for relief has been stated
5  against any specifically named Defendant.  A complaint that fails to state the specific acts of the
6  defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of
7  the Federal Rules of Civil Procedure.  *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th
8  Cir. 1982).  However, district courts must afford pro se prisoner litigants an opportunity to
9  amend to correct any deficiency in their complaints.  *Lopez v. Smith,* 203 F.3d 1122, 1126-27
10  (9th Cir. 2000) (en banc).
11       In this case, Plaintiff's complaint fails to provide a short and plain statement regarding
12  each claim, including the conduct of each individual defendant that he asserts is responsible for a
13  constitutional violation.  Plaintiff must specifically identify what each named defendant did or
14  did not do in order to state a claim with regard to each separate claim.  As such, Plaintiff will be
15  granted leave to amend to allege specifics.
16       In his amended complaint, Plaintiff must establish legal liability of each person for the
17  claimed violation of his rights.  Liability may be imposed on an individual defendant under
18  section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a
19  federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City
20  of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional
21  right within the meaning of section 1983 if he does an affirmative act, participates in another's
22  affirmative act or omits to perform an act which he is legally required to do, that causes the
23  deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633; *see, e.g., Robins v.
24  Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent
25  Eighth Amendment violation may be basis for liability).  Sweeping conclusory allegations will
26  not suffice; Plaintiff must instead "set forth specific facts as to each individual defendant's"
27  deprivation of protected rights.  *Leer*, 844 F.2d at 634.
28       Also, Plaintiff names as defendants Dave Grazaini, former NSH Executive Director,

Jeffrey Zwein, former NSH Medical Director, and Ed Foulk, current NSH Executive Director. Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff's inclusion of these supervisory defendants on the apparent basis that they are liable under a respondeat superior theory is insufficient.  *See id.*

In sum, Plaintiff's allegations fail to specifically state what unlawful conduct is attributable to any named defendant.  Without this basic information, the complaint cannot proceed.  The complaint need not be long.  In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable.  Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

1. Plaintiff's complaint is DISMISSED without prejudice with leave to amend.

2. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order (C 10-0274 LHK (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**  The Clerk of the Court shall send Petitioner a blank civil rights form along with his copy of this Order.

4. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Atterbury274dwla.wpd       4

1  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v.*
2  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).
3         5.      It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
4  Court informed of any change of address by filing a separate paper with the clerk headed "Notice
5  of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to
6  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
7  of Civil Procedure 41(b).
8         IT IS SO ORDERED.
9  DATED:  8/30/2010                                  _____
                                                      LUCY H. KOH
10                                                    United States District Judge