1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

| | | |
|---|---|---|
| DANNY F. ATTERBURY, | ) | No. C 10-0274 LHK (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | WITH LEAVE TO AMEND |
| DAVE GRAZAINI, et al., | ) | |
| Defendants. | ) | |

17        Plaintiff, a former civil detainee at Napa State Hospital ("NSH"), proceeding *pro se*, filed

18 a civil rights complaint pursuant to 42 U.S.C. § 1983.  On August 30, 2010, the Court dismissed

19 Plaintiff's complaint, noting several deficiencies, and directed Plaintiff to file an amended

20 complaint.  On September 16, 2010, Plaintiff filed his amended complaint.  For the reasons

21 stated below, the Court will DISMISS this amended complaint with leave to amend.

22                                          **DISCUSSION**

23 A.        Standard of Review

24        A federal court must conduct a preliminary screening in any case in which a prisoner

25 seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

26 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

27 any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

28 seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

1  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

2  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

3      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

4  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

5  statement need only "'give the defendant fair notice of what the . . . claim is and the grounds

6  upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).

7  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

8  plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than

9  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

10  do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."

11  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A

12  complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.*

13  at 1974.

14      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

15  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

16  the alleged violation was committed by a person acting under the color of state law.  *See West v.*

17  *Atkins*, 487 U.S. 42, 48 (1988).

18  B.    Legal Claims

19      Plaintiff's original complaint was dismissed with leave to amend because Plaintiff failed

20  to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure in that he did not provide

21  the Court with sufficient information for the Court to determine whether he had stated a

22  cognizable constitutional claim for relief.  In his amended complaint, Plaintiff's allegations range

23  from a general and vague claim regarding inadequate medical care, to an alleged failure to

24  protect female personnel and involuntary patients, to a claim of unconstitutional forced seizure

25  of Plaintiff's DNA sample, to a claim of involuntary medical treatments.

26      This amended complaint has several deficiencies that require a second amended

27  complaint to be filed.  First, the amended complaint has several claims that are not properly

28  joined under Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants.

Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  The amended complaint indicates some of the events happened over the course of several years (but does not specify any dates), and are against different defendants.  In his second amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein.  The bottom line is that Plaintiff needs to choose what claims he wants to pursue that meet the joinder requirements; if he asserts improperly joined claims in his second amended complaint, they will be dismissed.

Second, the amended complaint must allege facts that show federal constitutional violations.  The amended complaint still does not comply with the requirement that the averments be "simple, concise, and direct."  Like the original complaint, the amended complaint does not separate out the allegations into distinct claims but rather combines several disparate and vague claims, rendering it impossible to discern precisely what claims he is asserting.  In the second amended complaint, Plaintiff should describe what happened, when it happened, and how it violated his constitutional rights.  Although the second amended complaint need not provide every specific detail of the incident, the allegations need to be more detailed than that asserted in the original and amended complaints.  For example, if Plaintiff were alleging a deliberate indifference to a serious medical need, Plaintiff should explain how he requested medical aid; when; how many times he requested medical aid; what response, if any, he received; and from whom.  As it stands, the Court cannot determine whether Plaintiff has a cognizable claim for any constitutional violation.

Finally, although the amended complaint names Defendants, Plaintiff is reminded that he must allege in his second amended complaint who caused those constitutional violations.  He needs to link each Defendant to the claims by alleging facts showing the basis for liability for each individual Defendant.  He should identify each involved person by name and link each of

1  them to the specific claim(s) by explaining what each defendant did or failed to do that caused a

2  violation of his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988)

3  (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that

4  defendant proximately caused deprivation of federally protected right).  Sweeping conclusory

5  allegations will not suffice; Plaintiff must instead "set forth specific facts as to each individual

6  defendant's" deprivation of protected rights.  *Leer*, 844 F.2d at 634.

7       Plaintiff has been granted leave to amend once, and he would not ordinarily be given a

8  second opportunity to amend, particularly as his amended complaint both suffers from some of

9  the same deficiencies as the original complaint as well as containing new problems.  However,

10  Plaintiff appears to have made a good faith effort to correct the deficiencies in his amended

11  complaint.  In addition, it is possible that Plaintiff, a *pro se* prisoner, may not have been aware of

12  the amended complaint's most egregious deficiency - the improper joinder of claims and

13  Defendants under Rule 20.  For these reasons, Plaintiff will be given one more opportunity to

14  amend his complaint, as ordered below.  The second amended complaint must cure the

15  deficiencies identified in both this order and the previous order granting leave to amend.

16                                    **CONCLUSION**

17       1.     Plaintiff's amended complaint is DISMISSED with leave to amend.

18       2.     Plaintiff shall file a SECOND AMENDED COMPLAINT within **thirty days**

19  from the date this order is filed to cure the deficiencies described above.  The second amended

20  complaint must include the caption and civil case number used in this order (C 10-0427 LHK

21  (PR)) and the words SECOND AMENDED COMPLAINT on the first page.  Plaintiff may not

22  incorporate material from the prior complaint by reference.  **Failure to file a second amended**

23  **complaint within thirty days and in accordance with this order will result in dismissal of**

24  **this action.**

25       3.     Plaintiff is advised that an amended complaint supersedes the original complaint.

26  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged

27  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

28  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*

1    *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2        4.    It is the Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

3    Court informed of any change of address by filing a separate paper with the clerk headed "Notice

4    of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

5    do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule

6    of Civil Procedure 41(b).

7        IT IS SO ORDERED.

8    DATED:  _12/5/10_____                    _____
                                             *Lucy H. Koh*
9                                            LUCY H. KOH
                                             United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.LHK\CR.10\Atterbury274dwla2.wpd     5