IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANNY F. ATTERBURY, | ) | No. C 10-0274 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; ORDER OF |
| v. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| DAVE GRAZAINI, et al., | ) | DISPOSITIVE MOTION OR |
| | ) | NOTICE REGARDING SUCH |
| Defendants. | ) | MOTION |
| | ) | |

Plaintiff, a former civil detainee at Napa State Hospital ("NSH"), proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On August 30, 2010, the Court dismissed Plaintiff's complaint, noting several deficiencies, and directed Plaintiff to file an amended complaint. On September 14 and 16, 2010, Plaintiff filed his amended complaint. On December 5, 2010, the Court again dismissed Plaintiff's amended complaint, and directed him to file a second amended complaint. On February 8, 2011, Plaintiff filed his second amended complaint. For the reasons stated below, the Court dismisses several claims, and serves the remainder of the second amended complaint on named Defendants.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  <u>Legal Claims</u>

In his second amended complaint, Plaintiff raises several claims. First, he alleges that Defendants Dave Grazaini, Jeffrey Zwerin, and Ed Foulk "ignored and failed to stop the psychological, medical, physical, and dental abuse his subordinates subjected me to." (Second Amended Complaint at 2-3.) This claim is too generalized and lacking in necessary detail that requiring Defendants to attempt to frame a response to it would be unfair. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.") (citations and internal quotation marks omitted). However, Plaintiff goes on to specifically allege that these three Defendants ignored and failed to provide medical care for Plaintiff's spinal injury and potentially fatal liver disease that Plaintiff believes was caused by NSH re-using needles in order to save money. (*Id.* at 3.) Liberally construed, this states a cognizable claim for a violation of his right to due process under the Fourteenth Amendment. *See Youngberg v. Romeo*, 457 U.S. 307, 315-16, 321-22 (1982).

Plaintiff also alleges that Carmen Caruso "created treatment modalities and rules and Administrative Directives that are unconstitutional and interfered with Patient's Constitutional Rights," and she violated Plaintiff's "Federal and State Constitutional and statutory rights."

1  Plaintiff next claims that Mike Stolp ignored Plaintiff's complaints that he submitted and ignored
2  violence against female personnel and weaker patients. It appears that Stolp was in charge of
3  reviewing patient complaints. Plaintiff states that Stolp's omissions forced Plaintiff to observe
4  violence and death. Plaintiff makes a conclusory statement that Grazaini, Zwerin, Foulk,
5  Caruso, and Stolp prevented him from using the law library. Plaintiff also claims that Susan
6  Kessler "failed to advocate" for Plaintiff to receive proper medical and dental care, and caused
7  him terrible suffering. These allegations against Grazaini, Zwerin, Foulk, Caruso, Stolp, and
8  Kessler are so generalized and lacking in necessary detail that requiring Defendants to attempt to
9  frame a response would be unfair. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Moreover, it
10 seems that Plaintiff's specific complaints regarding Stolp concern the effect that Stolp's acts or
11 omissions had on other people. To that extent, Plaintiff lacks standing to assert those claims.
12 Because Plaintiff has previously been given two opportunities to amend his complaint, the Court
13 concludes that any further amendment would be futile. Thus, these claims, and Defendants
14 Caruso, Stolp, and Kessler are DISMISSED without prejudice.

15     Plaintiff further alleges that Dr. Leland Raymond claimed that Plaintiff's gall bladder was
16 causing Plaintiff pain, and removed it. However, it appears that Dr. Raymond is not a state actor
17 as he works at the Queen of the Valley Hospital. Thus, Dr. Raymond is not subject to suit under
18 42 U.S.C. § 1983, and is DISMISSED with prejudice. Plaintiff also names Dr. Anderson as a
19 Defendant, claiming that he referred Plaintiff to Dr. Raymond. Merely referring Plaintiff to an
20 outside doctor is insufficient to state a violation of a federal constitutional right. Because
21 Plaintiff has previously been given two opportunities to amend his complaint, the Court
22 concludes that any further amendment would be futile. Thus, Dr. Anderson is DISMISSED with
23 prejudice.

24     Finally, Plaintiff alleges that Denise Daily directed NSH not to release Plaintiff until he
25 provided a DNA sample, even after he was ordered released by the Superior Court. Plaintiff
26 asserts that she did so in retaliation for filing complaints. Liberally construed, this may present a
27 cognizable claim for relief. However, Daily is not a proper Defendant who may be joined,
28

1  pursuant to Federal Rule of Civil Procedure 20(a)(2). The second amended complaint contains
2  the same joinder problem about which the Court warned Plaintiff regarding his previously
3  amended complaint. Federal Rule of Civil Procedure 20(a)(2) provides that all persons may be
4  joined in one action as defendants if "any right to relief is asserted against them jointly,
5  severally, or in the alternative with respect to or arising out of the same transaction, occurrence,
6  or series of transactions or occurrences" and "any question of law or fact common to all
7  defendants will arise in the action." Here, Plaintiff's claims against Daily, Caruso, Stolp,
8  Kessler, Raymond, and Anderson do not satisfy Rule 20(a)(2). The Court has already given
9  Plaintiff two opportunities to amend his complaint to cure deficiencies, and he has failed to
10 comply.

Because dismissal of the entire action is not necessary, *see* Fed. R. Civ. P. 21, the Court dismisses the claims against Caruso, Stolp, Kessler, and Daily. The dismissal will be without prejudice to Plaintiff asserting these claims in a new action for which he pays a separate filing fee. The Court dismisses the claims against Raymond and Anderson with prejudice.

## CONCLUSION

1. With the exception of the stated cognizable due process claim, Plaintiff's remaining claims against Defendants Grazaini, Zwerin, and Foulk, are DISMISSED without prejudice. Plaintiff's claims against Defendants Caruso, Stolp, Kessler, and Daily are DISMISSED without prejudice. Plaintiff's claims against Defendants Raymond and Anderson are DISMISSED with prejudice.

2. The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the second amended complaint in this matter (docket no. 13), all attachments thereto, and copies of this order on **Executive Director Dave Grazaini**, **former NSH Medical Director Jeffrey Zwerin,** and **former Executive Director Ed Foulk** at the **Napa State Hospital.** The Clerk shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the second amended complaint to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a

motion for summary judgment or other dispositive motion with respect to the cognizable claim found in the second amended complaint.

      a.    If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

      b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.</u>**

4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

      a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted, and the case dismissed.

      b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

>seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
>Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    6.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    7.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

    8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send

1  demands for documents or interrogatories (for example, questions asking for specific, factual
2  responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is
3  limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P.
4  26(b)(1).  Discovery may be further limited by Court order if "(i) the discovery sought is
5  unreasonably cumulative or duplicative, or is obtainable from some other source that is more
6  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample
7  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or
8  expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In
9  order to comply with the requirements of Rule 26, before deciding to promulgate discovery
10 Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which
11 could include some or all of the discovery Plaintiff might seek.</u>  In addition, no motion to compel
12 will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and
13 N.D. Cal. Local Rule 37-1 has been satisfied.

14     9.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
15 and all parties informed of any change of address and must comply with the Court's orders in a
16 timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
17 pursuant to Federal Rule of Civil Procedure 41(b).

18     IT IS SO ORDERED.
19 DATED:   4/13/11

*[Signature: Lucy H. Koh]*
LUCY H. KOH
United States District Judge