IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANNY F. ATTERBURY, | ) | No. C 10-0274 LHK (PR) |
| Plaintiff, | ) ) | ORDER GRANTING LEAVE TO FILE MOTION FOR |
| v. | ) ) | RECONSIDERATION; GRANTING REQUEST FOR |
| DAVE GRAZAINI, et al., | ) ) | RECONSIDERATION |
| Defendants. | ) ) | (Docket No. 16) |

Plaintiff, a former civil detainee at Napa State Hospital ("NSH"), proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. On February 8, 2011, Plaintiff filed a second amended complaint, after the Court dismissed his first two complaints with leave to amend. On April 13, 2011, the Court partially dismissed Plaintiff's second amended complaint, and ordered service upon three Defendants. On April 19, 2011, Plaintiff filed a motion for leave to file a motion for reconsideration, and requests this Court to reconsider the dismissal with prejudice of Defendants Dr. Leland Raymond and Dr. Anderson.

In his second amended complaint, Plaintiff alleged that Dr. Leland Raymond, employed at the Queen of the Valley Hospital, claimed that Plaintiff's gall bladder was causing Plaintiff pain, and removed it. Plaintiff also alleged that Dr. Anderson referred him to Dr. Raymond. On April 13, 2011, the Court dismissed Defendant Dr. Leland Raymond because he was not a state actor. It also dismissed Dr. Anderson because Plaintiff's allegation did not state a violation of a

constitutional right against him.

No pre-judgment motion for reconsideration under Local Rule 7-9 may be brought without leave of Court. *See* Civil L.R. 7-9(a). The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In Plaintiff's motion, he claims for the first time that Raymond was under contract with the State to perform medical services on inmates. He further alleges for the first time that Anderson and Raymond knew that Plaintiff's gall bladder was not at issue, purposefully failed to perform tests that would have proven such, yet still directed its removal. Liberally construed, Plaintiff's statements allege that Raymond and Anderson were deliberately indifferent to his serious medical needs.

Accordingly, Plaintiff's motion for leave to file a motion for reconsideration, and request for reconsideration are GRANTED. The dismissal of Defendants Dr. Leland Raymond and Dr. Anderson is WITHOUT PREJUDICE to Plaintiff asserting these claims in a new action for which he pays a separate filing fee.

IT IS SO ORDERED.

DATED:  5/23/11

LUCY H. KOH
United States District Judge