IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY F. ATTERBURY,<br><br>  Plaintiff,<br><br> v.<br><br>DAVE GRAZAINI, et al.,<br><br>  Defendants. | No. C 10-0274 LHK (PR)<br><br>ORDER DENYING MOTION TO STRIKE; DENYING MOTION TO REDACT; GRANTING EXTENSION OF TIME; GRANTING PERMISSION TO ELECTRONICALLY FILE PLEADINGS |

    Plaintiff, a former civil detainee at Napa State Hospital ("NSH"), proceeding *pro se*, filed a second amended civil rights complaint pursuant to 42 U.S.C. § 1983. Pending before the Court are several of Plaintiff's motions. The Court will address each in turn.

    First, Plaintiff moves to strike portions of Defendants' Motion for Summary Judgment. Rule 12(f) permits a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, "[m]otions to strike generally will not be granted unless it is clear that the matter to be stricken could not have any possible bearing on the subject matter of the litigation." *In re Facebook PPC Advertising Litigation*, 709 F. Supp. 2d 762, 773 (N.D. Cal. 2010) (citing *LeDuc v. Kentucky Central Life Insurance Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992)). "Evidentiary allegations are not usually proper pleading, but allegations supplying background or historical material or other matter of an evidentiary nature will not be stricken unless unduly prejudicial." *LeDuc*, 814

F. Supp. at 830 (citing *Fuchs Sugar & Syrups, Inc. v. Amstar Corp.*, 402 F. Supp. 636, 637-638 (S.D.N.Y. 1975)). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003).

Plaintiff moves to have Defendants' entire motion and supporting evidence stricken pursuant to Rule 12(f). While some of Defendants' motion and evidence may be immaterial or inadmissible at trial, at this point it is difficult for the Court to conclude that they "could not have any possible bearing on the subject matter of the litigation." *Facebook*, 709 F. Supp. 2d at 773; *see also New York City Employees' Retirement System v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) ("Where the moving party cannot adequately demonstrate [] prejudice, courts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f).'") (quoting *Rivers v. County of Marin*, No. C 05-4251 SI, 2006 WL 581096, at *2 (N.D. Cal. March 7, 2006)). The Court therefore DENIES Plaintiff's motion to strike without prejudice.

Second, Plaintiff filed a "motion to redact certain filings lodged with the Court" in order to protect his privacy. (Docket No. 44.) Specifically, Plaintiff alleges that defense counsel lodged "disparaging documents into evidence." It is unclear exactly to which filings and documents Plaintiff refers. However, the Court presumes that Plaintiff is referring to documents submitted by Defendants in support of their motion for summary judgment. The Court has already ordered Defendants' motion for summary judgment and supporting documents under seal (docket no. 39), having found that the privacy interests of Plaintiff outweigh the public's right to access Court documents. Thus, the Court finds that redacting is unnecessary. Accordingly, Plaintiff's motion is DENIED.

Third, Plaintiff moved for an extension of time to file his opposition to Defendants' motion for summary judgment. Plaintiff's motion is GRANTED. His opposition must be filed within **thirty days** from the filing date of this order. Defendants' reply shall be due **fifteen days** thereafter.

Finally, Plaintiff seeks permission from the Court for an ECF account so that he may file his pleadings electronically. Plaintiff's request is GRANTED, provided that he comply with the Federal Rules of Civil Procedure and all general orders and local rules pertaining to electronic filing including General Order 45 which requires in part that parties must provide the judge's chambers with a paper copy of each document that is filed electronically, marked "Chambers Copy." By registering, Plaintiff accepts responsibility for all technical requirements and computer-related tasks associated with participation in the ECF program.

Plaintiff is advised that the authorization to electronically file documents is limited to this action. When this action is resolved, the authorization to electronically file documents is automatically terminated.

This order terminates docket numbers 43, 44, 45, and 4; .

IT IS SO ORDERED.

DATED: 2/9/12

LUCY H. KOH
United States District Judge